**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4288

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHARLES WILLOUGHBY, III,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Elizabeth W. Hanes, District Judge.  (2:21-cr-00096-EWH-DEM-1)

Submitted:  July 30, 2024                    Decided:  September 4, 2024

Before RICHARDSON and QUATTLEBAUM, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Lawrence H. Woodward, Jr., RULOFF, SWAIN, HADDAD, MORECOCK, TALBERT & WOODWARD, P.C., Virginia Beach, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Elizabeth M. Yusi, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Willoughby, III, was convicted after a two-day bench trial of travel with intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b). The district court sentenced Willoughby to 84 months' imprisonment. On appeal, Willoughby challenges his conviction, arguing that the evidence was insufficient to establish that he travelled with the intent to engage in illicit sexual conduct and that the district court erred in admitting into evidence testimony of Willoughby's sexual assaults or attempted sexual assaults of other female minors. Finding no error, we affirm.

Willoughby first argues that there was insufficient evidence to prove that the purpose of his travel was to engage in illicit sexual conduct. We review de novo a district court's denial of a Fed. R. Crim. P. 29 motion for acquittal based on the sufficiency of the evidence. *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018). In assessing the sufficiency of the evidence, we determine whether there is substantial evidence to support the conviction when viewed in the light most favorable to the government. *Id.* "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Rodriguez-Soriano*, 931 F.3d 281, 286 (4th Cir. 2019) (cleaned up).

In assessing whether substantial evidence supports a conviction, we may not resolve conflicts in the evidence or evaluate witness credibility. *Savage*, 885 F.3d at 219. We must also "draw[] all reasonable inferences from the facts" in "the light most favorable to the prosecution." *United States v. Denton*, 944 F.3d 170, 179 (4th Cir. 2019) (internal quotation marks omitted). Accordingly, "[a] defendant who brings a sufficiency challenge

2

bears a heavy burden, as appellate reversal on grounds of insufficient evidence is confined to cases where the prosecution's failure is clear." *Savage*, 885 F.3d at 219 (internal quotation marks omitted).

To sustain a conviction under 18 U.S.C. § 2423(b), the government must prove that (1) the defendant travelled in interstate commerce and (2) the defendant intended to engage in illicit sexual conduct.* *See United States v. Kelly*, 510 F.3d 433, 440-41 (4th Cir. 2007). We have carefully reviewed the record and conclude that substantial evidence supports Willoughby's conviction.

Willoughby also contends that the district court abused its discretion in admitting into evidence testimony of his sexual assaults or attempted sexual assaults of other female minors. We review the district court's admission of evidence for abuse of discretion. *United States v. Ebert*, 61 F.4th 394, 403 (4th Cir. 2023). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018).

---

* Prior to December 21, 2018, 18 U.S.C. § 2423(b) stated, as relevant here, "[t]he person who travels in interstate commerce for the purpose of engaging in any illicit sexual contact with another person shall be fined under this title or imprisoned not more than 30 years, or both." After that date, the language was changed to prohibit a person who travels in interstate commerce with a "motivating purpose of engaging in any illicit sexual conduct." On December 22, 2023, the language was changed to prohibit a person who travels in interstate commerce "with intent to engage in any illicit sexual conduct." The charged criminal conduct occurred prior to December 21, 2018, and both parties agreed to proceed with the language in place prior to the change.

Rule 404(b) of the Federal Rules of Evidence prohibits the admission into evidence of another "crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Such propensity evidence is excluded because it might "so overpersuade [the jury] as to prejudge one with a bad general record." *Michelson v. United States*, 335 U.S. 469, 476 (1948). But the Rule allows the admission of evidence of other acts or crimes if used to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident"—in other words, non-propensity uses of the evidence. Fed. R. Evid. 404(b)(2).

To be admissible under Rule 404(b), the evidence must be: (1) relevant to an issue other than the defendant's character; (2) necessary to prove an element of the charged offense; (3) reliable; and (4) admissible under Fed. R. Evid. 403, in that the probative value of the evidence must not be substantially outweighed by its prejudicial nature. *United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997). The lower court was within its discretion to conclude that the testimony regarding his prior sexual assaults of other female minors was offered for a non-propensity purpose and therefore admissible under Rule 404.

The lower court was also within its discretion to conclude that this evidence was admissible under the Rule 413 exception to the general bar on character evidence. Rule 413 allows ordinarily impermissible character evidence in cases where the defendant is 1) accused of sexual assault and 2) when that evidence concerns a prior sexual assault. Fed. R. Evid. 413. The defendant was charged with a crime meeting the definition of "Sexual Assault" found in Rule 413(d). Moreover, the proffered testimony is evidence of prior

4

sexual assaults.  Therefore, the court did not abuse its discretion in admitting the evidence under Rule 413.[1]

Accordingly, we affirm the criminal judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[1] As we find that the evidence was properly admitted under Rules 404 and 413, we need not address whether it was also admissible as intrinsic.  *See United States v. Brizuela*, 962 F.3d 784, 793–95 (4th Cir. 2020).

5